IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

EMILY C. ADKINS,                          )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )          Civil Action No. 3:20-cv-821–HEH
                                          )
OFFICER EVAN BECK,                        )
OFFICER CLAYTON BECHTOLD,                 )
                                          )
              Defendants.                  )

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

On the evening of May 13, 2018, Defendants Officer Evan Beck ("Officer Beck") and Officer Clayton Bechtold ("Officer Bechtold" or collectively "Defendant Officers"), with the Chesterfield County Police Department, attempted to detain Plaintiff, Emily C. Adkins ("Plaintiff") as she entered her vehicle at the Suburban Extended Stay Hotel in Chesterfield County, Virginia. According to the Complaint, Officer Beck "jumped behind [Plaintiff's] vehicle and blocked her into the parking space." (Compl. 2, ECF No. 1-1.) When Plaintiff attempted to exit the parking lot, Defendant Officers discharged their firearms, wounding Plaintiff. (Id.)[1]

---

[1] Although Plaintiff's Complaint appears to omit many of the facts and circumstances attending the events in question, Defendants appended the Chesterfield County Circuit Court documents relating to Plaintiff's underlying criminal charges to their Motion to Dismiss, which provide a fuller picture of the incident. While a district court may not generally consider extrinsic materials when evaluating a complaint under Rule 12(b)(6), it may consider "official public records . . . so long as the authenticity of these documents is not disputed." *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). The records referred to in the Court's analysis are all public records and Plaintiff has not disputed their authenticity. *See id.* at 396–97.

Based on the events of May 13, 2018, Plaintiff was indicted, and subsequently convicted by a jury in Chesterfield County Circuit Court, of possession with the intent to distribute heroin and possession of a firearm while possessing heroin with the intent to distribute. (Defs.' Mem. Support Mot. Dismiss, Ex. 5, ECF No. 4-5.). She was also convicted in a separate trial of possession of a firearm after being convicted of a felony. (*Id.*, Ex. 4-4.) Shortly thereafter, Plaintiff entered a plea of "no contest" to the charge of attempted malicious wounding of Officer Beck, and was found guilty of that offense by that court. (*Id.*, Ex. 4-2.) Plaintiff was sentenced to a total of 22 years of confinement, including seven years for the attempted malicious wounding of Officer Beck.

Plaintiff filed this lawsuit in Chesterfield County Circuit Court and Defendant Officers removed it to this Court. She seeks $1.5 million in compensatory and $2.3 million in punitive damages from Defendant Officers for unlawful seizure and excessive force, in violation of the Fourth Amendment (42 U.S.C. § 1983), and common law battery. Defendant Officers respond that Plaintiff's Complaint fails to plead plausible claims and is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As of the date of this Memorandum Opinion, Plaintiff has failed to file a response, has not requested additional time in which to do so, and has not otherwise indicated any interest in opposing the Motion to Dismiss. This Court, nevertheless, is obligated to ensure that dismissal is proper even when a motion to dismiss is unopposed. *See Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

As mentioned above, this Court's review of a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), is both informed and constrained by the well-

2

pleaded facts contained within the complaint. The immediate task at hand is to determine the sufficiency of the complaint, "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss under Rule 12(b)(6), plaintiff's well pleaded allegations are taken as true and the complaint must be viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. and Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). In conducting its analysis, the court, however, "need not accept the legal conclusions drawn from the facts," nor must the court "accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

To survive Rule 12(b)(6) scrutiny, a plaintiff must provide more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face" rather than merely conceivable. *Id.* at 555, 570 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The facts contained in the Complaint are somewhat skeletal. They provide minimal context as to the events leading to Defendant Officers' confrontation with the

3

Plaintiff, particularly their observations prior to approaching her vehicle. However, as mentioned, the text of the Complaint, along with Chesterfield County public records provided by Defendants, govern the Court's analysis. The operative portions of the Complaint contend that Officer Beck observed Plaintiff for several minutes at the hotel and attempted to stop her as she entered her vehicle to drive away. Plaintiff alleges that Officer Beck had no reasonable suspicion that she was involved in criminal activity when he jumped behind her vehicle, blocking her into a parking space. According to the Complaint, Plaintiff was required to put her vehicle in reverse, causing Officer Beck to "move[] out of the way and proceed[] to the passenger side of the vehicle." (Compl. 2.) The Complaint next contends that although Defendant Officers were not under any threat of harm, and without adequate provocation, they violently shot Plaintiff through the driver's side window. (*Id.*)

As demonstrated by the exhibits accompanying Defendant Officers' Memorandum in Support of Motion to Dismiss, which appear to amplify the underlying facts and circumstances, Plaintiff was originally charged in state court with attempted capital murder of a police officer, E.T. Beck. On September 4, 2019, she entered a plea of no contest to the lesser offense of attempted malicious wounding of Officer Beck on May 31, 2018. Incident to the entry of that plea, the Plaintiff executed a Waiver of Rights form. Two questions on that form are particularly pertinent. To the question: "Are you pleading no contest because the evidence would prove you guilty of the charge?" Plaintiff responded "yes." (Defs.' Mem. Support Mot. Dismiss, Ex. 7.) In addition, she responded affirmatively to the question: "If you are pleading no contest, do

4

you understand that a plea of no contest is the same as the plea of guilty for all practical purposes?" (*Id.*) Under the law of the Commonwealth of Virginia, a plea of no contest, also known as a *nolo contendere* plea, is an implied confession of the truth of the charges for the purpose of the case. *Commonwealth v. Jackson*, 499 S.E.2d 276, 278 (Va. 1998). "[I]t does admit every essential element of the offense . . . ." *Clauson v. Commonwealth*, 511 S.E.2d 449, 453 (Va. 1999) (internal quotation omitted).

The only logical inference this Court can draw from the record at hand is that Plaintiff's actions placed Officer Beck in jeopardy of serious bodily injury. This Court is aware that Plaintiff's *nolo contendere* plea cannot be used as evidence of her liability, but in this case, it is being considered in refutation of her claim of another's liability. *See United States v. Dorman*, 496 F.2d 438, 440 (4th Cir. 1974).

Turning to the specific claims in Plaintiff's Complaint, her core constitutional claim in Count I is that Officer Beck approached her vehicle from the rear, momentarily blocking her path of travel. (Compl. 2.) She concedes in her Complaint that when she attempted to move her vehicle, Officer Beck stepped out of the way. (*Id.*) Irrespective of the route the officers took in approaching her vehicle, at that point it amounted to no more than a police-citizen encounter. It would be a reasonable and logical inference from the face of the Complaint that Officer Beck intended to ask Plaintiff a few questions about her activities at the hotel. Merely approaching an individual in a public place and asking them a few questions does not have Fourth Amendment implications. *See United States v. Lewis*, 606 F.3d 193, 197–98 (4th Cir. 2010). As the Court noted in *Lewis*, an individual is "not seized" when an officer merely approaches a vehicle to ask questions of

its occupant. *Id.* at 197. "It is axiomatic that police may approach an individual on a public street and ask questions without implicating the Fourth Amendment's protections." *United States v. Weaver*, 282 F.3d 202, 309 (4th Cir. 2002).

With respect to Count II, alleging excessive force in violation of the Fourth Amendment, the relief sought is barred by the *Heck v. Humphrey* doctrine. 512 U.S. 477 (1994). In order to recover damages for the force employed by the arresting officers, Plaintiff must necessarily demonstrate that her conviction for attempting to maliciously wound Officer Beck just prior to Defendant Officers discharging their weapons was invalid. *Young v. Nickols*, 413 F.3d 416, 418–19 (4th Cir. 2005). Furthermore, as a prerequisite, she must prove that her underlying conviction

> has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486–87 (emphasis in original); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Griffin v. Balt. Police Dep't*, 804 F.3d 692, 694–95 (4th Cir. 2015).

The Court in *Heck*, and later in *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), further concluded that this would include a "§ 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful . . . ." 512 U.S. at 486 n.6.

Finally, Plaintiff seeks damages for common law battery, specifically the wounds

she incurred when Defendant Officers discharged their weapons.  Assault and battery are

common law crimes in Virginia.  Battery is defined as "the actual infliction of corporal

hurt on another that is done willfully or in anger." *Montague v. Commonwealth*, 684

S.E.2d 583, 588 (Va. 2009).

The Complaint alleges that Defendant Officers "shot [Plaintiff] over six (6) times

in her chest, arms, wrist, and hands." (Compl. 13.)  Plaintiff further contends that

Defendant Officers "acted with the intent to cause harmful or offensive contact with

[Plaintiff's] person . . . ." (*Id.*)

Although Plaintiff's battery claim is anchored to Virginia common law, it is in

effect an excessive force claim.  As the Court of Appeals for the Fourth Circuit noted in

*Clem v. Corbeau*, "[w]hether an officer has used excessive force is judged by a standard

of objective reasonableness." 284 F.3d 543, 550 (4th Cir. 2002).  In weighing the

circumstances confronting Defendant Officers in the case at hand, and weighing the

reasonableness of the force employed, this Court must assess the "immediate threat to the

safety of the officers." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  Here, Plaintiff has

admitted under oath that she attempted to maliciously wound Officer Beck prior to the

shots being fired.  Adopting a different theory at this juncture would contravene the

prohibition clearly articulated in *Heck*.  Count III will therefore be dismissed.

Even if Count III survived Rule 12(b)(6) review, this Court would decline to

exercise pendent jurisdiction over an isolated state law claim.  As the United States

Supreme Court cautioned in *United Mine Workers of Am. v. Gibbs*, "[n]eedless decisions

of state law should be avoided . . . as a matter of comity . . . .  Certainly, if the federal

7

claims are dismissed before trial . . . the state claims should be dismissed as well." 383 U.S. 715, 726 (1966).

Based on the foregoing analysis, Defendant Officers' Motion to Dismiss pursuant to Rule 12(b)(6) will be granted.  An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Dec. 7 2020
Richmond, VA